IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SULAIMAN ALMUBARAK<br><br>PLAINTIFF,<br><br>v.<br><br>LIV LUXURY GROUP, LLC, *et al.*<br><br>DEFENDANTS. | CASE NO. 1:19-cv-00358-LO-TCB |

**COUNTER-PLAINTIFF IBRAHIM SHAHIN'S COUNTERCLAIM**

Pursuant to Fed. R. Civ. P 13, Counter-Plaintiffs Ibrahim Shahin ("Mr. Shahin") and Liv Luxury Group LLC ("Liv Luxury") respectfully bring this counterclaim against Counter-Defendant Sulaiman Almubarak ("Mr. Almubarak").

**PARTIES**

**1.** Counter-plaintiff Ibrahim Shahin is an individual residing in Fairfax County, Virginia, who is a member of Liv Luxury Group LLC.

**2.** Counter-plaintiff Liv Luxury Group LLC is a Virginia limited liability company that rents furnished residences in Northern Virginia.

**3.** Upon information and belief, Counter-defendant Sulaiman Almubarak is an individual residing in Saudi Arabia, who conducts business in Virginia.

**JURISDICTION & VENUE**

**4.** Pursuant to 28 U.S.C. § 1332 this Court exercises subject matter jurisdiction over this case because the litigants are diverse and the amount in controversy is above $75,000.00.

**5.** This Court exercises personal jurisdiction over Mr. Almubarak because he filed his

second amended complaint in this Court, and in doing so submitted himself to the jurisdiction of this court to render a judgment against him.

6.   Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this case because a substantial part of the events giving rise to this case occurred in the Eastern District of Virginia.

## THE LIV LUXURY TRANSACTION

7.   In August 2018, Mr. Almubarak agreed to purchase a fifty percent (50%) membership interest in Liv Luxury for $500,000.00 from Mr. Shahin.

8.   The agreement between the parties remained simple. Mr. Almubarak promised to pay $500,000.00 to Mr. Shahin, and in exchange, Mr. Shahin promised to deliver a fifty percent (50%) membership interest in Liv Luxury to Mr. Almubarak.

9.   In exchange for payment of the purchase price or $500,000.00, Mr. Almubarak was entitled to a 50% interest in Liv Luxury.

10.   On numerous occasions, even before Mr. Almubarak made any payments due under the agreement, Mr. Shahin held Mr. Almubarak out as his business partner and treated Mr. Almubarak as an equal partner. Mr. Shahin helped Mr. Almubarak gain access to Liv Luxury's CitiBusiness Flexible Checking Account. And by Mr. Almubarak's own admission, "Citibank sent [him] a UserID, temporary Business Code, and Token Serial Number in the name of 'Sulaiman Almubarak Liv Luxury Group,' to facilitate access to the Liv Luxury checking account."

11.   Mr. Shahin relied on Mr. Almubarak's promise to pay $500,000, in treating him as an equal owner and paying other bills.

12.   By autumn of 2018, Mr. Almubarak deposited or had transferred a total of $250,000.00 into Liv Luxury's CitiBusiness Flexible Checking Account, a bank account to which he had access. Mr. Shahin understood that Mr. Almubarak intended this payment to count towards

the total purchase price of $500,000.00 that he had promised to pay for a fifty percent (50%) membership interest in Liv Luxury to Mr. Shahin.

13. To date, Mr. Almubarak has not followed through on the parties' agreement and his promise to purchase a fifty percent (50%) membership interest in Liv Luxury for $500,000.00 from Mr. Shahin.

## THE SAUDI TRANSACTION

14. In summer of 2018, Messrs. Shahin and Almubarak learned that MNG, a Turkish company, had completed a project in Saudi Arabia and was entitled to $12,000,000.00 for its work. MNG needed assistance recovering this money.

15. In exchange for Messrs. Shahin and Almubarak's assistance in recovering this money, MNG agreed to pay them $1,000,000.00, which Mr. Shahin and Mr. Almubarak agreed to divide equally.

16. Mr. Shahin and Mr. Almubarak agreed to divide this payment equally, meaning that each of them would be entitled to $500,000.00.

17. By late summer of 2018, Mr. Shahin and Mr. Almubarak secured the release of the $12,000,000.00 due to MNG. MNG paid the $1 million to Mr. Almubarak or to an account within the or control of Mr. Almubarak.

18. Mr. Almubarak transferred or arranged for the transfer $333,333.33 to Mr. Shahin in September 2018.

19. Upon information and belief, Mr. Almubarak exercises custody and control over the remainder of the payment, including the remaining $166,666.67 belonging to Mr. Shahin.

20. In breach of their agreement, Mr. Almubarak refuses to transfer Mr. Shahin's outstanding payment of $166,666.67 to him. Mr. Almubarak later claimed that Mr. Shahin's share

was significantly less, divided with Mr. Almubarak's brother, or both.

## CLAIM 1: BREACH OF CONTRACT
### (The Liv Luxury Transaction)

21.     Mr. Shahin and Liv Luxury incorporate all other paragraphs of this counterclaim as if fully set forth herein.

22.     In August 2018, Mr. Almubarak agreed to purchase a fifty percent (50%) membership interest in Liv Luxury for $500,000.00 from Mr. Shahin.

23.     In September 2018, Mr. Almubarak paid $250,000.00 towards the purchase price for a fifty percent (50%) membership interest in Liv Luxury.

24.     To date, Mr. Almubarak has not paid the balance of the purchase price, or $250,000.00 of the $500,000.00, for a fifty percent (50%) membership interest in Liv Luxury.

25.     Mr. Almubarak has breached the parties' agreement and his promise to purchase a fifty percent (50%) membership interest in Liv Luxury for $500,000.00 from Mr. Shahin.

WHEREFORE, Mr. Shahin and Liv Luxury moves this Court to either (1) compel specific performance of the parties' agreement, whereby Mr. Almubarak pays the remainder of the purchase price, $250,000.00, and receives a fifty percent (50%) membership interest in Liv Luxury Group LLC or (2) pay the $250,000.00 as damages, and award costs and other relief as the Court deems proper.

## CLAIM 2: BREACH OF CONTRACT
### (The Saudi Transaction)

26.     Mr. Shahin and Liv Luxury incorporate all other paragraphs of this counterclaim as if fully set forth herein.

27.     In summer 2018, Mr. Almubarak and Mr. Shahin agreed to help MNG, a Turkish company, recover $12,000,000.00 which was being held in Saudi Arabia, in exchange for a

$1,000,000.00 payment.

28.     Mr. Almubarak and Mr. Shahin agreed to divide the $1,000,000.00 payment equally, meaning each would receive $500,000.00.

29.     In late summer 2018, Mr. Almubarak and Mr. Shahin secured the recovery of the $12,000,000.00, and MNG paid the $1,000,000 payment.

30.     Mr. Almubarak paid or arranged for the payment of only $333,333.33 to Mr. Shahin.

31.     Upon information and belief, Mr. Almubarak exercises custody and control over the remainder of the payment, including the remaining $166,666.67 belonging to Mr. Shahin.

32.     In breach of their agreement, Mr. Almubarak refuses to transfer or arrange for transfer of Mr. Shahin's outstanding payment of $166,666,67 to him.

WHEREFORE, based on the foregoing, Mr. Shahin moves this Court to enter judgment against Mr. Almubarak in the amount of at least $166,666.67 in compensatory damages, plus interest, costs, and award costs and other relief as the Court deems proper.

Dated: October 4, 2019.                                Respectfully Submitted,


                                                       /s/ George R.A. Doumar
                                                       George R.A. Doumar, VSB No. 26490
                                                       Raj H. Patel, VSB No. 878931
                                                       Doumar Martin PLLC
                                                       1530 Wilson Boulevard, Suite 430
                                                       Arlington, Virginia 22209
                                                       Tel: 703-243-3737
                                                       Fax: 703-524-7610
                                                       gdoumar@doumarmartin.com
                                                       rpatel@doumarmartin.com

                                                       /s/ David R. Mahdavi
                                                       David R. Mahdavi, VSB No. 27417
                                                       8133 Leesburg Pike, Suite 400
                                                       Tysons Corner, Virginia 22182

        Tel: 703-790-4900
        Fax: 703-790-1676
        dmahdavi@fmsrlaw.com

        COUNSEL FOR LIV LUXURY GROUP
        LLC AND IBRAHIM SHAHIN

## **CERTIFICATE OF SERVICE**

I certify that on October 4, 2019, I served a copy of the foregoing counterclaim, via the ECF system, to the following:

Timothy W. Bergin
Neil H. Koslowe
Potomac Law Group PLLC
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
Tel: 703-447-4032
tbergin@potomaclaw.com
nkoslowe@potomaclaw.com

COUNSEL FOR ALMUBARAK

        /s/ George R.A. Doumar
        George R.A. Doumar, VSB No. 26490
        Raj H. Patel, VSB No. 878931
        Doumar Martin PLLC
        1530 Wilson Boulevard, Suite 430
        Arlington, Virginia 22209
        Tel: 703-243-3737
        Fax: 703-524-7610
        gdoumar@doumarmartin.com
        rpatel@doumarmartin.com

        /s/ David R. Mahdavi
        David R. Mahdavi, VSB No. 27417
        8133 Leesburg Pike, Suite 400
        Tysons Corner, Virginia 22182
        Tel: 703-790-4900
        Fax: 703-790-1676
        dmahdavi@fmsrlaw.com

        COUNSEL FOR LIV LUXURY GROUP
        LLC AND IBRAHIM SHAHIN